**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUIS AMBROSIO CHAJON-GUZMAN,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-73748

Agency No. A070-185-138

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Luis Ambrosio Chajon-Guzman, a native and citizen of Guatemala, petitions

for review of a Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the BIA's finding that Chajon-Guzman failed to demonstrate the deaths of his mother and sister were on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (petitioner must provide direct or circumstantial evidence of motive). Further, contrary to Chajon-Guzman's contention, the IJ did not require him to have seen the incident with his mother and sister, and the BIA did not require him to prove the cause of their deaths to an absolute certainty. Because Chajon-Guzman did not establish past persecution, he is not eligible for humanitarian asylum. *See* 8 C.F.R. § 1208.13(b)(1)(iii). We reject Chajon-Guzman's contention that the agency should have taken his age into account because the agency denied his claim based on a lack of nexus. Substantial evidence also supports the BIA's conclusion that Chajon-Guzman failed to establish a well-founded fear of persecution upon return to Guatemala. *See Castillo v. INS*, 951 F.2d 1117, 1122 (9th Cir. 1991) (petitioner's well-founded fear may be undermined by "safe and undisturbed residence in his homeland after the occurrence of the event which is alleged to have induced his fear"); *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000)

(rejecting asylum claim based on general civil strife). Consequently, his asylum claim fails.

Because Chajon-Guzman did not establish his eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Rostomian*, 210 F.3d at 1089.

Finally, substantial evidence supports the BIA's denial of CAT protection because Chajon-Guzman failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in Guatemala. *See Soriano v. Holder*, 569 F.3d 1162, 1167 (9th Cir. 2009). Contrary to Chajon-Guzman's contention, the agency applied the correct legal standard in assessing his CAT claim.

**PETITION FOR REVIEW DENIED.**